UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cr-80077-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARVIN LESTER, III,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR COMPASSIONATE RELEASE**

This cause comes before the Court upon Defendant Marvin Lester, III's ("Lester") Motion for Compassionate Release. DE 425. He seeks release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. He presently is confined at FCI Milan serving a 90-month sentence after pleading guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin and a detectable amount of cocaine. *See* DE 179; DE 270. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth below, Lester's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).

Lester states that he exhausted administrative remedies by submitting a request for release to the FCI Milan warden, which was denied. *See* DE 425 at 2, 12. Lester does not contend or demonstrate that he appealed the warden's denial, and therefore he has not shown that he fully exhausted administrative remedies before he turned to the Court for relief. However, even if he had fully exhausted administrative remedies, the Court would conclude that a sentence reduction is inappropriate.

Lester points to the COVID-19 pandemic and prison conditions as the reasons justifying his release from custody. He does not state that he suffers from any particular medical condition or illness

and does not contend that he has a condition or illness that cannot be effectively managed within the prison system. The Court cannot conclude from this record that he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. *See* U.S.S.G. § 1B1.13, application note 1(A)(ii)(I). The Court is sympathetic to the hardships that imprisonment creates, especially during the COVID-19 pandemic. However, Lester has provided no extraordinary and compelling reason, as defined under the law, that justifies a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, application note 1

In addition, as of the date of this Order, FCI Milan has no active case of an inmate with COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 29, 2020). The Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 29, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing. *See id.* While it is understandable that Lester has a legitimate concern about the spread of COVID-19 at FCI Milan, the Court has been presented with no information to indicate that the BOP's mitigation measures will be ineffective at FCI Milan.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Marvin Lester, III's Motion for Compassionate Release [DE 425] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of September, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record